IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                                          CIVIL ACTION NO. 1:26-cv-00040-HSO-BWR

THE REAL PROPERTY KNOWN AS
16478 NORTHRUP CUEVAS ROAD,
GULFPORT, MISSISSIPPI 39503, et al.                  DEFENDANT PROPERTY

**MEMORANDUM BRIEF IN SUPPORT OF UNITED STATES'**
**MOTION TO STRIKE CLAIM OF BERT LESTER**

The United States of America, by and through its United States Attorney and the undersigned Assistant United States Attorney for the Southern District of Mississippi, files this Memorandum Brief in support of its contemporaneously filed Motion to Strike the Claim for Property [20] of Bert Lester because he has failed to file a timely claim and answer as required by Supplemental Rule G(5)(a) and (b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

**BACKGROUND**

On February 11, 2026, the United States filed its Verified Complaint for Forfeiture *in Rem* [1] (the "Verified Complaint"). In its Verified Complaint, the United States seeks forfeiture of the following assets seized from Bert Lester (the "Subject Property"):

| ASSET ID | Property Description |
|---|---|
| 25-ICE-001353 | One (1) Ruger LCP Pistol, Serial No: 381036980, seized from Bert Lester |
| 25-ICE-001359 | One (1) iPhone 13, IMEI: 359673358800523, seized from Bert Lester |
| 25-ICE-001968 | One (1) Apple iPhone, IMEI: 358074299402795, Serial No: Q3VPJ7FLV6, seized from Bert Lester |

1

pursuant to 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 1955(d) because the Defendant Property facilitated, was involved in, or constitutes the proceeds of an illegal gambling business in violation of 18 U.S.C. § 1955 (gambling businesses) and/or constitutes the proceeds of conspiracy to commit such offense in violation of 18 U.S.C. § 371 (conspiracy to commit any specified unlawful activity). The facts giving rise to this action are set out in more detail in the Verified Complaint [1].

The United States District Court Clerk for the Southern District of Mississippi issued a Warrant of Arrest *in Rem* [4] for the Subject Property on February 11, 2026. The Warrant of Arrest *in Rem* was executed on February 12, 2026. *See* Executed Warrant of Arrest *in Rem* [5].

On February 11, 2026, the United States filed its Notice of Complaint for Forfeiture [2] (the "Notice"). The Notice states in relevant part as follows:

> 3. FILING OF A VERIFIED CLAIM: Under Rule G(5)(a)(ii) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions, in order to avoid forfeiture of the Defendant Property, any person who asserts an interest in the Defendant Property **must** file a Verified Claim within **35** days after the date this notice was sent, if the notice is delivered by mail, or within **35** days of the date of delivery, if the notice is personally served and not sent by mail.

The Notice further advised that "**[f]ailure to follow the requirements set forth above may result in a judgment by default or summary judgment taken against you for relief demanded in the Complaint**." The Notice and Verified Complaint were sent via FedEx to potentially interested party, Bert Lester (hereinafter "Lester"), on February 12, 2026, and these documents were delivered to Lester on February 13, 2026. *See* Proof of Service [25]. Accordingly, Lester had until March 19, 2026, to file a claim. *See* Rule G(4)(b)(ii)(B) and G(5)(a)(ii)(A).

2

On March 20, 2026, Lester, through counsel, attempted to file a document titled Claim for Property; however, such entry was *disregarded* on the docket, as seen in the Docket Annotation as to entry [17], because the filing was incorrectly filed as an Answer.

Seventeen (17) days later, on April 6, 2026, Lester, through counsel, filed a document titled Claim for Property [20] (the "Claim"), in which he asserted an interest in the Subject Property. Such claim was filed eighteen (18) days *after* Lester's deadline to file a claim. Lester did not request an extension from this Court prior to filing his Claim. Lester did not request an extension from the United States prior to filing his Claim.

Rule G(5)(b) requires Lester to file an answer (or a Rule 12 motion) within twenty-one (21) days after filing a claim. Twenty-one (21) days from the date that Lester's Claim was filed was April 27, 2026. As of the date of this filing, Lester has failed to file an Answer, and if he were to attempt to file an Answer now it would be untimely.

## LEGAL STANDARD

Supplemental Rule G(8)(c)(i) provides that "[a]t any time before trial, the government may move to strike a claim or answer for failing to comply with . . . Rule G(5) or (6)." Rule G(5)(a)(i) provides that "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim," and that such claim must: "(A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney" designated in the United States' Notice. Further, Rule G(5)(a)(ii) states that "[u]nless the court for good cause sets a different time, the claim must be filed: (A) by the time stated in a direct notice . . . ." Pursuant to Supplemental Rule G(5)(b), "[a] claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim."

3

**ARGUMENT**

## I.        The Claim was untimely filed.

In a civil forfeiture action, "[t]he filing of a claim is a prerequisite to the right to file an answer and defending on the merits." *United States v. $40,000.00 U.S. Currency,* No. 1:22CV99-LG-RPM, 2022 U.S. Dist. LEXIS 229246, at \*8 (S.D. Miss. Nov. 30, 2022) (quoting *Cactus Pipe & Supply Co., Inc. v. M/V Montmartre*, 756 F.2d 1103, 1114 (5th Cir. 1985)). "The courts have taken a severe stance against a claimant who has not properly and timely perfected a verified claim in a forfeiture proceeding" and, accordingly, "strict compliance with the requirements of Supplemental Rule G(5) is generally required."[1] "The timely filing of a verified claim is 'an essential and necessary element' of any claim in an *in rem* forfeiture proceeding." *United States v. 2000 Freightliner Tractor,* No. 02:07-cv-221, 2007 U.S. Dist. LEXIS 62949, at \*2 (S.D. Tex. Aug. 24, 2007) (quoting *U.S. v. Beechcraft Queen Airplane Serial No. LD-24,* 789 F.2d 627, 630 (8th Cir. 1986)).

Courts have found that failure to strictly comply with the time requirements of Supplemental Rule G(5) can be fatal to a claim. *See United States v. United States Currency,* No. 6:20-CV-01295, 2021 U.S. Dist. LEXIS 54094, at \*6 (W.D. La. Mar. 19, 2021) ("Although Hebert filed an answer, he did not file a verified claim with the Clerk of Court within thirty-five days as required by the Notice . . . . Because strict compliance with Rule G is required and failure to

---

[1] *Id.* at \*7-8 (first quoting *United States v. One Parcel of Real Property,* No. 46 F. Supp. 2d 572, 582 (S.D. Miss. March 4, 2008); then citing *United States v. Real Property Located at 4301 Gateway*, 123 F.3d 312, 313 (5th Cir. 1997) (upholding district court dismissal for failure to timely file verified claim); then citing *United States v. One Piper Navajo PA-31 Aircraft*, 748 F.2d 316, 319 (5th Cir. 1984) (dismissal for failure to file a verified claim or to move to amend and provide verification); then citing *United States v. Land Real Prop. Located at 1369 Madrid St., New Orleans, LA 70122*, No. CV 20-2406, 2021 U.S. Dist. LEXIS 217389, 2021 WL 5232472, at \*2 (E.D. La. Nov. 10, 2021); and then citing *United States v. Real Property Located at 14301 Gateway Blvd.*, 123 F.3d 312, 313 (5th Cir. 1997) (requiring strict compliance with Rule C, which was the rule governing the filing of forfeiture claims and answers prior to Rule G's adoption in 2006)).

comply is fatal to a claim, Hebert lacks statutory standing to assert a claim"); *See also United States v. $16,900.00 in United States Currency,* No. 3:22-CV-1956-G, 2023 U.S. Dist. LEXIS 170118, at *20-21 (N.D. Tex. Sept. 22, 2023) ("Holmes's failure to timely file a verified claim left him with no standing to contest the forfeiture"); *See also United States v. 48,000 United States Currency*, No. 06-10952 SECTION: "D" (2), 2007 U.S. Dist. LEXIS 36632, at *10-11 (E.D. La. May 17, 2007) (wherein government's motion to strike untimely filed claims was granted). This is because failure to comply with Supplemental Rule G(5)'s requirements "leaves a claimant without standing to challenge the forfeiture." *United States v. $100,641.06 United States Currency,* No. 13-5566, SECTION "B"(4), 2014 U.S. Dist. LEXIS 169330, at *10 (E.D. La. Dec. 4, 2014) ("Claimants have failed to comply with Rule G(5)(b) and this is fatal to their ability to establish statutory standing").

Despite the general rule of strict compliance to Supplemental Rule G(5), courts have discretion as to whether circumstances warrant departure from the strict construction required by Supplemental Rule G(5). *See In re 1912 Wheeler Street Houston, Tex. 77004*, No. 20-587-JWD-EWD, 2021 U.S. Dist. LEXIS 193123, at *5 (M.D. La. Oct. 6, 2021) (quoting *$100,641.06 United States Currency*, 2014 U.S. Dist. LEXIS 169330, 2014 WL 6896035, at *5). Factors a court should consider in whether to grant a motion to strike a noncompliant claim include the following:

> [W]hen the claimant became aware of the seizure; whether the government encouraged the delay; the reasons proffered for the delay; whether the claimant has advised the court and the government of its interest in the defendant property before the claim deadline; whether the government would be prejudiced by allowing the late filing; the sufficiency of the answer in meeting the basic requirements of the verified claim; and whether the claimant timely petitioned for an enlargement of time.[2]

---

[2] *United States v. $16,900.00 in United States Currency,* No. 3:22-CV-1956-G, 2023 U.S. Dist. LEXIS 170118, at *21 (N.D. Tex. Sept. 22, 2023) (first quoting *United States v. $49,660 U.S. Currency*, No. H-04-0673, 2005 U.S. Dist. LEXIS 63903, 2005 WL 8179550, at *3 (S.D. Tex. Aug. 31, 2005); and then citing *United States v. $80,760.00 in U.S. Currency*, 781 F. Supp. 462, 470 (N.D. Tex. 1991)).

The requirement of strict compliance with Supplemental Rule G(5) is necessary because allowing late filing of claims prejudices the government by increasing the length and cost of litigation. *See 48,000 United States Currency*, 2007 U.S. Dist. LEXIS 36632, at *9 ("the Government would be prejudiced by allowing the late filing of Matin's and Robinson's Verified Claims, because 'the length and cost of litigation has increased for the government'") (quoting *United States v. Property Identified as $ 88,260,* 925 F.Supp. 838, 842 (D.D.C. 1996)). Further, even if the government is not prejudiced, if courts allowed the filing of late claims—absent mitigating circumstances—it would "subvert the strict time limits established by Supplemental Rule [G(5)] and encourage claimants to litigate every untimely filing in a forfeiture case." *Id*. at *9-10 (quoting *Property Identified as $88,620,* 925 F.Supp. at 842, n.15).

Here, Lester has not offered any explanation for his failure to file a timely verified claim in this judicial forfeiture action. Lester's Claim was filed late, and he did not ask the court for leave to file late, offer any explanation for filing after the statutory deadline had passed, or ask the undersigned counsel for the United States if he was agreeable to giving Lester additional time to file a claim. Indeed, counsel for the United States represents to the Court that it is aware of no attempt at communication whatsoever related to the Claim. Counsel for the United States further represents to the Court that it provided direct contact information to the undersigned AUSA in its Notice.

"Some courts have held that a claimant's 'failure to present any evidence demonstrating a good faith attempt to file an [answer] on time, detrimental reliance on government misinformation, or expense of considerable resources preparing [the] case for trial, weighs heavily in the court's decision to not exercise its discretion.'" *United States v. $40,0000 United States Currency,* No. 1:22CV99-LG-RPM, 2022 U.S. Dist. LEXIS 161932, at *5 (S.D. Miss. Sept. 8, 2022) (quoting

6

*$100,641.06 U.S. Currency,* 2014 U.S. Dist. LEXIS 169330, 2014 WL 6896035, at *5). In making such a decision, courts have also evaluated "whether the [claimants] advised the court and the government of their interest in the property before the claim deadline." *Id.* (first quoting *United States v. Thirty-Five Firearms*, 123 F. App'x 204, 207 (6th Cir. 2005); and then citing *United States v. $125,938.62*, 370 F.3d 1325, 1330 (11th Cir. 2004)).

In *48,000 U.S. Currency*, the Court struck the claims of two claimants—one of whom filed an answer before filing an untimely claim and one who filed an untimely claim only. *See 48,000 United States Currency*, 2007 U.S. Dist. LEXIS 36632, at *2-4, 11. In *48,000 United States Currency,* claimants' only explanation for their untimely filing was that it was an "inadvertent mistake." *Id*. at *10. However, the court rejected that explanation, since the claimants were represented by counsel, noting that "[t]he court does not consider inadvertence, ignorance of the rules or mistake construing the rules excusable neglect, where an attorney is involved." *Id.* (citing *Property Identified as $88,260*, 925 F.Supp. at 843).

"The court should exercise its discretion to allow a late claim only if the goals underlying the time restriction and the verification requirements are not thwarted." *$40,0000,* 2022 U.S. Dist. LEXIS 229246, at *9 (quoting *United States v. $72,077.00 in United States Currency*, No. CV 07-165 LH/RLP, 2008 U.S. Dist. LEXIS 142696, 2008 WL 11451422, at *3 (D.N.M. July 10, 2008)). Allowing Lester's late claim in this case would be inconsistent with the purpose of the time restrictions set forth in Supplemental Rule G.

None of the circumstances that courts have recognized as mitigating factors supporting discretionary approval of late filing are present here. Lester became aware of the seizure when it occurred on May 3, 2025, because the Subject Property was seized from him. Lester was

represented by the same counsel in the ongoing criminal prosecution[3] against him as he is in the present action. Lester was served with notice of the instant civil forfeiture proceeding. *See* Proof of Service [25]. Lester is represented by counsel, and his Claim was filed by his counsel. There is no basis for a suggestion that the United States encouraged Lester's delay in submitting his claim.

Based on the foregoing, because Lester failed to file his Claim within the required time frame, Lester's Claim should be stricken.

**II.     No Answer was filed.**

Pursuant to Supplemental Rule G(5)(b), "[a] claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." If a claimant fails to timely file an answer, then any claim filed may be appropriately struck. *See* Supp. R. G(8)(c)(i); *See also United States v. $16,250.00 in U.S. Currency,* No. 3:25-CV-86-S, 2026 U.S. Dist. LEXIS 63730, at \*5-7 (N.D. Tex. Feb. 28, 2026) *Magistrate Judge recommendation adopted,* 2026 U.S. Dist. LEXIS 61659 (N.D. Tex. Mar. 24, 2026) (motion to strike claim granted where "Johnson has not filed a separate answer to the Government's complaint as required under Rule G(5)(b), and his deadline to do so has long expired.").

Rule G(5)(b) required Lester to file an answer (or a Rule 12 motion) within twenty-one (21) days after filing a claim. Twenty-one (21) days from the date that Lester's Claim was filed was April 27, 2026. As of the date of this filing, Lester has failed to file an Answer, and if he were to attempt to file an Answer now it would be untimely. Accordingly, Lester's Claim should be stricken based on his failure to file a timely Answer.

---

[3] *United States of America v. Bert Lester, and Loraine Violet Tai,* Case No. 1:25-cr-00081-TBM-RPM. This is before this Court.

## CONCLUSION

Bert Lester failed to file a timely claim as required by Supplemental Rule G(5)(a). Further, even if Lester's claim was timely filed, he failed to file a timely answer, as required by Supplemental Rule G(5)(b). Therefore, the United States' Motion to Strike should be granted. The United States requests that this Court strike Lester's Claim for Property [20].

**RESPECTFULLY SUBMITTED**, this the 6th day of May 2026.

J.E. BAXTER KRUGER
United States Attorney

By:      */s/ Max Lewis Meyers*
               MAX L. MEYERS
               Assistant United States Attorney
               MS Bar No. 106187
               United States Attorney's Office
               Southern District of Mississippi
               501 East Court Street, Suite 4.430
               Jackson, Mississippi 39201
               Telephone:   (601) 973-2172
               Facsimile:   (601) 965-4032
               Email: Max.Meyers2@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on this date, I caused the foregoing document to be filed electronically with the Clerk of the Court using the ECF system, which sent notification to all counsel of record.

I also hereby certify that I have caused the foregoing document to be sent to the following individual(s) by FedEx and e-mail:

Travis James Carrell
4016 Benton Dr.
Bourg, LA 70343
tcarrell@go-set.com

Dated: May 6, 2026

*/s/ Max L. Meyers*
MAX L. MEYERS